IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| HARRY LEE GREEN, | ) Civil Action No. 3:05-2604-CMC-JRM |
| Plaintiff, | ) |
| vs. | ) |
| MATTHEW D. GATLING;<br>MARTHA MCELVEEN HORNE;<br>PATTY PATTERSON; AND<br>SUMTER CITY POLICE DEPARTMENT, | ) |
| Defendants. | ) REPORT AND RECOMMENDATION |

Plaintiff, Harry Lee Green ("Green"), filed this action in the Court of Common Pleas for Sumter County, South Carolina on August 10, 2005. Defendants are Matthew D. Gatling ("Gatling"), Martha McElveen Horne ("Horne"), Patty Patterson ("Patterson"), and the Sumter City Police Department ("SCPD"). Gatling, Horne, and Patterson were all employees of the SCPD at the time of the alleged incidents. On September 8, 2005, Defendants removed this action to this court.[1] On January 6, 2006, Defendants filed a motion for summary judgment. Green, because he is proceeding pro se, was advised on January 18, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion for summary judgment with additional evidence or counter-affidavits could result in the dismissal of

---

[1] Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(e), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the court.

his complaint. Plaintiff filed responses in opposition to summary judgment on January 17 and February 13, 2006.

## DISCUSSION

Green was involved in an altercation with his brother on August 12, 2003. Gatling, a City of Sumter Police Officer, arrested Green. Green was originally charged with assault with intent to kill.[2] The charge was later amended to a charge of criminal domestic violence. At a later date, the charges were reduced to the lessor included charges of assault and battery. A jury trial was held and Green was found guilty of simple assault. He was sentenced to time served and was fined $257. Green appealed his conviction to the Court of Common Pleas for Sumter County. His appeal was denied on February 7, 2005 (see attachment to Defendants' Motion for Summary Judgment).[3]

Green alleges that Defendants' actions in arresting, detaining, and prosecuting him violated his constitutionally protected state and federal rights. He claims that Defendants violated his rights by "unlawful arrest, false imprisonment, warrantless arrest, malicious prosecution, producing false

---

[2]The parties dispute the dates of the charges and trial.

[3]Green previously filed an action against the Sumter-Lee Regional Detention Center, Horne, Patterson, and the "City Police Department" concerning these same facts on July 7, 2005 (Civil Action Number 3:05-1941-CMC-JRM). In a report and recommendation, the undersigned recommended dismissing that action because Sumter-Lee Regional Detention Center was not an entity subject to suit under § 1983 and because the case was subject to summary dismissal as a right of action had not yet accrued. Green was informed that his sole federal remedies with respect to his conviction and sentence were a writ of habeas corpus which could be sought only after Green exhausted his state court remedies. He was informed of the steps to do so. The Honorable Cameron McGowan Currie, United States District Judge, adopted the report and recommendation (with one exception of noting that Green's conviction appeared to have been for simple assault rather than assault and battery as stated in the report and recommendation) and dismissed that action without prejudice.

ticket(s)/warrant(s), withholding evidence, obstruction of justice, conspiracy, perjury, racial discrimination,[4] not letting Plaintiff know the true grounds on which the arrest was made and changing the verdict of the jury." Complaint at 2. Defendants contend that their motion to dismiss or for summary judgment should be granted because: (1) the SCPD is not a legal entity or "person" amenable to suit under 42 U.S.C. § 1983; (2) Plaintiff has failed to state facts sufficient to constitute a cause of action against SCPD; (3) Defendant Martha Horne is entitled to judicial or prosecutorial immunity; and (4) Plaintiff's action is barred by Heck v. Humphrey, 512 U.S. 477 (1994).

   1.   SCPD

   SCPD contends that it is not subject to liability under 42 U.S.C. § 1983. Buildings, walls, and fences do not act under color of state law. See Allison v. California Adult Authority, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under § 1983). Buildings and correctional institutions, like sheriff's departments and police departments, are not usually considered legal entities subject to suit. See, e.g., Martinez v. Winner, 771 F.2d 424, 444 (10th Cir. 1985)(Denver Police Department not a separate suable entity), vacating and remanding for consideration of mootness, 475 U.S. 1138 (1986); Post v. City of Fort Lauderdale, 750 F. Supp. 1131 (S.D.Fla. 1990); Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D.Ga. 1984); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989)(§ 1983 claims are directed at "persons" and a jail is clearly not a

---

[4]Green has only made the conclusory statement that he was subjected to racial discrimination and has not set out any facts to support his claim.

person amenable to suit). Hence, SCPD does not appear to be a "person" subject to suit under 42 U.S.C. § 1983.

Even if SCPD is a "person" subject to suit under § 1983, Green fails to state facts sufficient to constitute a cause of action against SCPD. He has not asserted any claims against SCPD, other than the acts of its officers. Green cannot establish that SCPD is liable for the acts of its employees under a respondeat superior theory based on the facts alleged. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Spell v. McDaniel, 824 F.2d 1380 (4th Cir. 1987).

    2.       Heck v. Humphrey

Defendants contend that Plaintiff's claims are precluded by Heck v. Humphrey. The Supreme Court, in Heck v. Humphrey, 512 U.S. 477 (1994) determined that where a prisoner files an action under § 1983 which would necessarily implicate the validity of his conviction, he may not pursue the damages claim unless and until he successfully attacks the conviction on which his suit is based. The court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff

>     can demonstrate that the conviction or sentence has already been invalidated.

Id. at 487.

Here, Plaintiff's allegations are barred pursuant to Heck because they would necessarily implicate his conviction. Plaintiff does not appear to dispute that his allegations are barred by Heck, instead arguing factual differences. He appears, however, to admit that he has not shown that his conviction has been invalidated as he states in his reply that he has now filed an application for post conviction relief. Exhibit A to Plaintiff's January 17, 2006 Reply.

### 3. Prosecutorial Immunity

Plaintiff alleges that Defendant Horne acted inappropriately in answering his discovery requests, attempting to settle the case before trial, conspiring with the judge and jury to convict him of a crime he did not commit, and offering to dismiss charges against him if he admitted probable cause for his arrest.[5] Defendant Horne contends that she is entitled to prosecutorial immunity.

A prosecutor is a quasi-judicial officer who enjoys absolute immunity when performing prosecutorial, as opposed to investigative or administrative functions. Imbler v. Pachtman, 424 U.S. 409 (1976). A prosecutor is entitled to absolute immunity for claims that rest on his decisions regarding "whether and when to prosecute." Lyles v. Sparks, 79 F.3d 372, 377 (4th Cir.1996) (quoting Imbler, 424 U.S. at 431 n. 33); see also Ehrlich v. Giuliani, 910 F.2d 1220 (4th Cir.1990). "The decision to initiate, maintain, or dismiss criminal charges is at the core of

---

[5]Plaintiff appears to allege that Horne also acted as a judge, but has presented no evidence to show that she acted in the capacity of a judge on his case. He has not named any of the judges involved in his case as defendants to this action.

the prosecutorial function." McGruder v. Necaise, 733 F.2d 1146 (5th Cir.1984) (offer to drop criminal charges in exchange for pretrial detainee's decision to drop civil rights suit; held, immunized).

    4.    State Law Claims

Plaintiff's remaining claims are based on state law. It is recommended that discretion be exercised pursuant to 28 U.S.C. § 1367(c)(3) and that these remaining state law claims be remanded to the State court. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988); Hinson v. Norwest Fin. SC, Inc., 239 F.3d 611 (4th Cir. 2001).

### CONCLUSION

Based upon review of the record, it is recommended that Defendants' motion for summary judgment (Doc. 15) be granted and that Plaintiff's remaining state law claims be remanded to the State court.

                        Respectfully submitted,

                        s/Joseph R. McCrorey
                        United States Magistrate Judge

May 26, 2006
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

## Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk<br>
United States District Court<br>
901 Richland Street<br>
Columbia, South Carolina 29201